UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00025-MR

| ERIC ADAM GREEN, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| GARY MCFADDEN, et al, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I. BACKGROUND

Pro se Plaintiff Eric Adam Green ("Plaintiff") is a pretrial detainee at the Mecklenburg County Jail (the "Jail") in Mecklenburg County, North Carolina. [Doc. 1 at 4]. On January 15, 2021, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, naming Gary McFadden, identified as the Mecklenburg County Sheriff; the Mecklenburg County Sheriff's Department;[1] Michael A. Kolb, identified as Plaintiff's attorney; and the Honorable W. Robert Bell,

---

[1] The correct name of this entity is the Mecklenburg County Sheriff's Office, and the Court will hereinafter refer to it as such.

identified as a judge in Mecklenburg County, as Defendants in this matter. [Id. at 2-3]. Plaintiff purports to sue these Defendants in their individual and official capacities. [Id.].

Plaintiff claims that Defendants violated his rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and under 18 U.S.C. §§ 241 and 242. [Id. at 3]. Specifically, Plaintiff alleges as follows. On April 8, 2020, he was a pretrial detainee and scheduled to appear in court for a hearing in his criminal proceeding.[2] [Id. at 12]. Unnamed Sheriff's Office employees committed perjury in advising the court that Plaintiff was in the infirmary when he was really in administrative segregation at the time of this hearing. [Id. at 13]. Plaintiff told Defendant Kolb, Plaintiff's attorney, that these statements about Plaintiff's whereabouts during the hearing were not true. Kolb advised Plaintiff that he would investigate the matter and that, if Plaintiff's story were true, Kolb would move the court "for a remedy." [Id. at 13]. Plaintiff has not heard from Kolb since April 2020 and Kolb will not respond to Plaintiff's phone calls or mail. [Id.]. Plaintiff sent certified letters to Defendants McFadden and Bell regarding what happened and neither have responded. [Id. at 12-13].

---

[2] Although Plaintiff does not specifically allege, it appears this was Plaintiff's probable cause hearing, which Plaintiff alleges was eventually conducted on June 17, 2020. [See Doc. 1 at 14]. Plaintiff currently remains detained.

2

For injuries, Plaintiff claims he "was deprived the opportunity/right to secure his liberty for a significant time during a critical period of the criminal procedure." [Doc. 1 at 5]. For relief, Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

As to Defendant Mecklenburg County Sheriff's Office, under North Carolina law, a sheriff's office is not a legal entity capable of being sued under 42 U.S.C. § 1983. Parker v. Bladen County, 583 F.Supp.2d 736, 740 (E.D.N.C. June 27, 2008); see also Moore v. City of Asheville, 290 F.Supp.2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005) (dismissing claims against city police department for lack of capacity). As such, the Mecklenburg County Sheriff's Office will be dismissed as a Defendant in this matter.

Second, the Honorable W. Robert Bell is immune from suit under the doctrine of judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 359 (1996) ("A judge is absolutely immune from liability for his judicial acts even

if his exercise of authority is flawed by the commission of grave procedural errors."); Imbler v. Pachtman, 424 U.S. 409, 419 (1976) (stating that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted). As such, Judge Bell will be dismissed a Defendant in this matter.

Third, Defendant Kolb was not a state actor. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under 42 U.S.C. § 1983). As such, Defendant Kolb is not subject to suit under § 1983 and will be dismissed.

Finally, taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff fails to state a claim for relief against Defendant McFadden. Plaintiff has alleged only that unnamed Sheriff's Office employees lied about Plaintiff's whereabouts when Plaintiff

5

Case 3:21-cv-00025-MR   Document 8   Filed 03/16/21   Page 5 of 7

was supposed to be in court in April 2020 and that Plaintiff sent Defendant McFadden correspondence describing what happened. The doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Rather, to establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendant "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Here, Plaintiff has not alleged that McFadden acted personally other than perhaps receiving correspondence from Plaintiff regarding the employees' alleged perjury. This is not a constitutional violation. Furthermore, Plaintiff's official capacity claim against Defendant McFadden also fails, as Plaintiff has not alleged that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20, 105 S. Ct. 2427, 2433-34 (1985) (discussing same).

Finally, as to all of Plaintiff's claims, Plaintiff's allegations reveal that Plaintiff's appearance at the April 8, 2020 hearing would not have made any difference in Plaintiff's continued detention in any event. Plaintiff alleges that

6

Case 3:21-cv-00025-MR   Document 8   Filed 03/16/21   Page 6 of 7

his probable cause hearing was ultimately held on June 17, 2020 and Plaintiff remains detained now. As such, even if these employees lied about Plaintiff being in the infirmary on April 8, 2020, Plaintiff's detention status between April 8, 2020 and June 17, 2020 would not have changed had Plaintiff been present for the first scheduled hearing.

The Court, therefore, concludes that Plaintiff's Complaint is frivolous and fails to state a claim against any Defendant. The Court will dismiss Plaintiff's Complaint with prejudice because amendment would be futile.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is frivolous, and Plaintiff has failed to state a claim upon which relief can be granted against any Defendant.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e) for the reasons stated in this Order.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.** Signed: March 16, 2021

Martin Reidinger
Chief United States District Judge